IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
CIVIL ACTION NO: 1:22-cv-501

| | | |
|---|---|---|
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, a North Carolina Corporation, | ) ) ) ) | |
| Plaintiff, | ) | DEFENDANT'S REPLY |
| v. | ) ) | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND |
| STEVEN FICKES, | ) | COMPEL ARBITRATION |
| Defendant. | ) ) ) ) | |

Plaintiff North Carolina Mutual Life Insurance Company ("Mutual") concedes that arbitration is required, or at least Mutual has offered the Court no substantive argument that arbitration of its claims against Mr. Fickes is not required. Instead, Mutual contends that the lawsuit should be stayed, and not dismissed without prejudice. Mutual offers four brief arguments for stay, which will be taken in turn.

I. <u>What Other Courts Have Done.</u>

Mutual cites several opinions from courts other than the United States District Court for the Middle District of North Carolina for the proposition that stay, not dismissal, is the appropriate remedy when a district court compels arbitration in the Fourth Circuit. To be sure, there are opinions in the Western District of North Carolina and in the District of Virginia that

1

have taken a "stay, not dismiss" approach. But Mr. Fickes can also string-cite opinions from other district courts in the Fourth Circuit that take the opposite, "dismiss, not stay" approach. *See, e.g., Gold Mine Jewelry Shoppes, Inc. v. Lise Aagaard Copenhagen*, 240 F. Supp. 3d 391, 394 (E.D.N.C. 2017) (dismissing without prejudice and compelling arbitration; "It is well settled that arbitration clauses are a subset of forum-selection clauses, the enforcement of which is considered in the Fourth Circuit as a Rule 12(b)(3) motion to dismiss for improper venue."); *Kirkwood v. Fin. West Inv. Grp., Inc.*, 2019 U.S. Dist. LEXIS 172376, *9 (D. Md., Oct. 3, 2019) (dismissing without prejudice and compelling arbitration); *Tomaszewski v. St. Albans Operating Co., LLC*, 2018 U.S. Dist. LEXIS 189466, *14 (D. W.Va., Nov. 6, 2018) (dismissing without prejudice and compelling arbitration).

This Court has come down on the side of the "dismiss, not stay" divide in recent opinions. In this district's most recent ruling on a motion to compel arbitration, the Court granted the motion and dismissed the Complaint without prejudice: "Arbitration clauses are a subset of forum-selection clauses, which are enforced in this circuit pursuant to a Rule 12(b)(3) motion to dismiss for improper venue." *Amos v. Amazon Logistics, Inc.*, 2022 U.S. Dist. LEXIS 107260, *4 (M.D.N.C., June 16, 2022) (dismissing Complaint and compelling arbitration), *quoting Grimes v. Gov't Emples. Ins. Co.*, 2019 U.S. Dist. LEXIS 126618, *5 (M.D.N.C., July 30, 2019) (citations omitted). Given

2

the differing views among the district courts in the Fourth Circuit, the better approach is to maintain consistency within the district and dismiss the Complaint without prejudice.

II. <u>The case against Port Royal was not dismissed, but stayed.</u>

It is true that the Port Royal case was not dismissed, but that is the fault of undersigned counsel for not moving for dismissal when he filed his motion for Port Royal in 2019. He has not repeated that oversight in the current motion. Furthermore, the Court stayed the case against Port Royal on April 10, 2020, nearly two and a half years ago. [16-CV-1174, DE-199]. Mutual has never initiated arbitration. The solution to any inconsistency between stay of the action against Port Royal and dismissal of the action against Mr. Fickes is not to stay the action against Mr. Fickes, but to also dismiss the case against Port Royal without prejudice. *See Gibson v. Giles Chem. Corp.*, 2022 U.S. Dist. LEXIS 133900, *2 (W.D.N.C., Jul. 28, 2022) (dismissing case without prejudice on the Court's own motion when plaintiff failed to proceed with arbitration after order compelling him to do so).[1]

---

[1] In a footnote, Mutual claims that Mr. Fickes could have "initiated arbitration proceedings" on behalf of Port Royal. First, it is unclear how Port Royal would have filed Mutual's purported claims against Port Royal. Second, such "initiation" would have violated the injunction prohibiting actions against Mutual in the state court Consent Order of rehabilitation.

3

III.     Mutual may lack "the ability to reinitiate a lawsuit in the future."

Without explanation or citation to authority, Mutual claims that liquidation proceedings against it by the North Carolina Commissioner of Insurance "may affect its ability to reinitiate a lawsuit in the future." One wonders what the difference could possibly be between the "ability to reinitiate a lawsuit" and the "ability to maintain an existing lawsuit," but this is a red herring in any event. The North Carolina General Statutes are clear that the Commissioner of Insurance is the real party in interest, whether in his role as rehabilitator or liquidator, and he may both (a) "institute" new actions in his name or the insurer's name and (b) "continue to prosecute" existing actions. N.C. Gen. Stat. § 58-30-85(a)(12) (rehabilitator); N.C. Gen. Stat. § 58-30-120(a)(12) (liquidator). The liquidation proceedings have no effect, therefore, on the Commissioner's ability to file an application to confirm an arbitration award if he elects to proceed with arbitration against Port Royal and/or Mr. Fickes.

IV.     "Judicial economy."

Finally, Mutual claims that "judicial economy" is served by keeping the action against Mr. Fickes alive in this Court. It is not clear why. The Commissioner, who controls this action (and the action against Port Royal) as rehabilitator, is based in Wake County, in the Eastern District of North Carolina. Mr. Fickes resides in Bethesda, Maryland. Port Royal was

4

organized under the law of the Cayman Islands. [16-CV-1174, DE-97, ¶ 6 (Mutual's Amended Complaint)]. The governing arbitration provision provides for arbitration in Charlotte, or as otherwise agreed. [DE-11-2, p. 4]. This district has no particular interest in maintaining on its docket stayed cases between citizens of other districts while waiting for arbitrations in another district that may or may not ever happen.

The Federal Arbitration Act provides a summary confirmation procedure by application to the court in the district in which the arbitration award was made. 9 U.S.C. § 9. Dismissal without prejudice will cause no delay in any party's obtaining confirmation of a future arbitration award. Finally, there is a bitter irony in a "judicial economy" argument coming from the party that has now required the expenditure of judicial and defense resources, not to mention the meager resources of an insurance company in rehabilitation, on two lawsuits that should have been initiated in arbitration in the first place, if at all.

## CONCLUSION

For the reasons set forth above and in Mr. Fickes's opening brief, Mr. Fickes respectfully requests that the Court dismiss Mutual's claims without prejudice, and that the Court consider dismissing Mutual's stayed claims against Port Royal in 16-CV-1174 on its own motion.

5

DATED this 4th day of October, 2022.

> Respectfully submitted,
>
> MORNINGSTAR LAW GROUP
>
> By */s/ Christopher T. Graebe*
>    Christopher T. Graebe
>    NC Bar No. 17416
>    421 Fayetteville Street, Suite 530
>    Raleigh, NC 27601
>    (919) 863-9092
>    *cgraebe@mstarlaw.com*
>    Attorneys for Defendant

CERTIFICATE OF SERVICE AND WORD COUNT

The undersigned hereby certifies that he has this day electronically filed the foregoing Reply Memorandum in Support of Defendant's Motion to Dismiss or Compel Arbitration Pursuant to Fed. R. Civ. P. Rule 12(b)(3), which contains 1,050 words exclusive of certificates and caption, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 4th day of October, 2022.

                                        MORNINGSTAR LAW GROUP

                                        */s/ Christopher T. Graebe*
                                        Christopher T. Graebe, NCSB No. 17416
                                        421 Fayetteville Street, Suite 530
                                        Raleigh, North Carolina 27601
                                        Telephone: 919-863-9092
                                        Fax: 919-882-8890
                                        Email: cgraebe@morningstarlawgroup.com
                                        *Attorneys for Defendant*