IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 1:22CV501 |
| v. | ) ) | |
| STEVEN FICKES, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff North Carolina Mutual Life Insurance Company brings this action alleging that Defendant Steven Fickes caused Plaintiff's assets to be invested in a manner not in compliance with North Carolina law and certain applicable agreements. (ECF No. 1 at 1.) This matter is before the Court on Defendant's Motion to Dismiss and Compel Arbitration pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. (ECF No. 10.) For the reasons that follow, the Court will grant Defendant's motion.

This matter is related to another matter currently on this Court's docket, *North Carolina Mutual Life Insurance Company v. Stamford Brook Capital, LLC*, No. 16-CV-1174 (M.D.N.C. filed Sept. 23, 2016) (hereinafter "*Stamford*"), which was also brought by Plaintiff North Carolina Mutual Life Insurance Company. In April 2020, this Court granted a motion in that case to compel arbitration pursuant to an arbitration agreement and stayed the case pending

arbitration as to one of the defendants. Memorandum Opinion and Order at 10, *Stamford*, No. 16-CV-1174 (M.D.N.C. Apr. 10, 2020), ECF No. 199.

Defendant argues that the claims asserted by Plaintiff here are "virtually identical" to the claims that Plaintiff asserted against the defendants in *Stamford*, and that the arbitration agreement at issue in *Stamford* applies equally to the claims asserted in this case. (ECF No. 11 at 5.) Defendant attempted to confer with Plaintiff regarding the possibility of arbitration prior to filing the instant motion but did not receive a response at that time. (*Id.*)

Plaintiff represents that the parties did confer after the filing of the motion, and that Plaintiff now "consents to arbitrate the claims against [Defendant], provided that the Court *stay*—rather than dismiss—the lawsuit." (ECF No. 12 at 6–7 (emphasis in original).) Plaintiff states that it believes that some of its claims fall outside the scope of the agreement, but that it has decided to consent to arbitration based on this Court's ruling in *Stamford* and "to save costs associated with further litigating [the] issues." (*Id.* at 7 n.5.)

Accordingly, Plaintiff's claims will go to arbitration, and the only question for the Court to resolve is whether this action should be stayed or dismissed pending that arbitration.

In the Fourth Circuit, "[t]he law remains unsettled as to whether a court must stay or dismiss a case when all claims are subject to arbitration, but no question exists that [a district court] has the discretion to take either option." *Hoover v. StoneMor Partners, LP*, No. 19-CV-751, 2019 WL 13251313, at *2 (E.D. Va. Dec. 30, 2019) (internal footnote omitted) (citing *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001)); *see also Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) (noting "tension" in Fourth Circuit precedent regarding this issue, observing that there is a circuit split, and

declining to resolve the issue); *Smartsky Networks, LLC v. Wireless Sys. Sols. LLC*, No. 20-CV-834, 2021 WL 929729, at *4 (M.D.N.C. Mar. 11, 2021) (noting the lack of clear guidance from the Fourth Circuit).[1] This Court has previously determined that where "all of [a plaintiff's] claims would be encompassed by the arbitration agreement, dismissal is an appropriate remedy." *Brown v. Fam. Dollar Stores of N.C., Inc.*, No. 21-CV-977, 2022 WL 3576972, at *4 (M.D.N.C. Aug. 19, 2022) (citing *Choice Hotels Int'l*, 252 F.3d at 709–10).

Here, Plaintiff argues that this Court should stay this action because (1) a stay here would be consistent with the decision to stay *Stamford*; (2) Plaintiff is in liquidation proceedings and those proceedings "may" prevent it from re-instituting this lawsuit should the need later arise; (3) even if this Court dismisses this action now, the parties will return later seeking an order to enforce any arbitration award. (ECF No. 12 at 7–9.)

Defendant responds that (1) other courts in this district have recently dismissed rather than stayed actions when compelling arbitration; (2) the stay in *Stamford* has been in place for several years now but Plaintiff never initiated arbitration for the claims that this Court referred

---

[1] Plaintiff argues that Fourth Circuit precedent *requires* a stay rather than dismissal when a district court enforces an arbitration agreement. (ECF No. 12 at 7.) Plaintiff specifically cites *Murray v. United Food & Commercial Workers International Union*, 289 F.3d 297 (4th Cir. 2002) and *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002). While the Fourth Circuit did state in these cases that 9 U.S.C. § 3 requires a court stay an action when issues must be arbitrated, the Fourth Circuit did not address whether district courts have the option to dismiss a case instead of entering a stay. *See Murray*, 289 F.3d at 301; *Adkins*, 303 F.3d at 500. A decade after *Murray* and *Adkins* were decided, the Fourth Circuit noted that its precedent was unclear whether district courts have the option to dismiss a case when compelling arbitration and explicitly declined to resolve the issue. *Aggarao*, 675 F.3d at 376 n.18. There remains no binding Fourth Circuit precedent directly on point, and many district courts in the Fourth Circuit maintain that a court can dismiss an action under some circumstances. *E.g., Soucie v. Va. Util. Prot. Serv., Inc.*, No. 22-CV-00552, 2023 WL 2991487, at *10 & n.9 (W.D. Va. Apr. 18, 2023) (noting the Fourth Circuit's statement in *Aggarao* and explaining that "[t]he weight of authority appears to support . . . that the 'shall stay' command [of 9 U.S.C. § 3] applies only to situations where fewer than all counts in an action are subject to arbitration, meaning that the court retains jurisdiction over others").

to arbitration; (3) the North Carolina Commissioner of Insurance can institute actions in Plaintiff's name while it is in liquidation proceedings, therefore there is no reason that Plaintiff would not be able to reinitiate this lawsuit later if it is dismissed without prejudice; and (4) dismissal without prejudice would pose no impediment to any party later seeking an order to enforce an arbitration award. (ECF No. 13 at 1–5.)

The Court finds that it is appropriate under the circumstances to dismiss this action.

First, Plaintiff consents to arbitrate all claims. As previously mentioned, this Court has a practice of dismissing cases where all claims are encompassed by the arbitration agreement. *See Brown*, 2022 WL 3576972, at *4. Plaintiff suggests in a footnote that this case does not fit that mold because Plaintiff believes that some of the claims at issue here are not encompassed by the arbitration agreement and would not go to arbitration absent its consent.[2] (ECF No. 12 at 7 n.5.) However, as a practical matter, the crucial point is that *all* claims will go to arbitration and there will be no claims left before this Court. Thus, there is no reason for this case to remain on this Court's docket.

Second, the Court is aware of the state of the docket in *Stamford*. The Court granted the motion to compel arbitration in that case on April 10, 2020. Memorandum Opinion and Order at 10, *Stamford*, No. 16-CV-1174 (M.D.N.C. Apr. 10, 2020), ECF No. 199. At that time, the Court also ordered that the parties file a joint report of arbitration every ninety (90) days and to notify the Court of any arbitration award within seven (7) days after arbitration concluded. *Id.* The most recent such report was filed July 13, 2021 (far more than ninety days

---

[2] The Court notes that although Plaintiff briefly describes the reasons why it believes not all of its claims are within the scope of the arbitration agreement, Plaintiff fails to provide enough explanation of its position for the Court to engage in substantive analysis of the issue. (*See* ECF No. 12 at 7 n.5.)

4

ago), and it stated that "[a]s of the date of [the] report, neither party ha[d] commenced arbitration." Report on Arbitration, *Stamford*, No. 16-CV-1174 (M.D.N.C. July 13, 2021), ECF No. 250. That *Stamford* continues to linger on this Court's docket due to the inaction of the parties in that case counsels in favor of dismissal here rather than a stay.

Finally, the Court sees no concrete reason why Plaintiff (or another party suing in Plaintiff's name) would not be able to bring a later action to enforce an arbitration award. (*See* ECF No. 12 at 9 (stating merely that there is "uncertainty" regarding Plaintiff's future).)

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Compel Arbitration, (ECF No. 10), is **GRANTED**. Plaintiff is compelled to arbitrate its claims against Defendant. This action is hereby **DISMISSED without prejudice**.

This, the 10th day of August 2023.

/s/Loretta C. Biggs
United States District Judge